**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000541
22-APR-2015
09:01 AM**

NO. CAAP-12-0000541

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


DONNALYN M. MOSIER, Plaintiff-Appellee,
v.
KEITH PARKINSON and SHERRI PARKINSON, Defendants-Appellants.


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CIVIL NO. 1RC12-1-1471)


MEMORANDUM OPINION
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

In an appeal arising out of a complaint for breach of
lease, Defendants-Appellants Keith Parkinson and Sherri Parkinson
(the Parkinsons) appeal *pro se* from the following entered by the
District Court of the First Circuit, Honolulu Division (district
court):[1] a June 12, 2012 Judgment for Possession; a June 12, 2012
Writ of Possession; and a June 18, 2012 "Findings of Fact,
Conclusions of Law and Order Granting Entry of Judgment for
Possession and Issuance of Writ of Possession Effective June 1,
2012." The district court ruled that Plaintiff-Appellee Donnalyn
Mosier (Mosier) was entitled to possession of the premises
occupied by the Parkinsons.

---

[1] The Honorable Melanie May presided, except for the June 12, 2013 Writ
of Possession over which the Honorable Hilary Benson Gangnes presided.

On appeal, the Parkinsons raise the following points of error:[2] (1) the district court lacked subject matter jurisdiction because the Parkinsons raised an issue of title; (2) the district court violated their due process rights by committing various procedural errors; and (3) the Parkinsons are entitled to possession of the property.

For the reasons discussed below, we affirm.

## I.   The District Court Was Not Divested of Jurisdiction

The Parkinsons contend that, although they executed a document entitled "Rental Agreement" with Mosier, they had what they refer to as an "Agreement of Sale" that gave them an interest in title, and which divested the district court of subject matter jurisdiction to decide Mosier's complaint for summary possession under Hawaii Revised Statutes (HRS) § 604-5(d) (2014).[3]  Whether a trial court lacks subject matter jurisdiction is a question of law reviewable *de novo* under the right/wrong standard.  Aames Funding Corp. v. Mores, 107 Hawaiʻi 95, 98, 110 P.3d 1042, 1045 (2005).

Around April or May 2011, the Parkinsons responded to Mosier's Craigslist advertisement for the sale of a residence located in Honolulu, Hawaiʻi (subject property).  It appears that the parties engaged in a series of discussions about how the Parkinsons could purchase the property, but did not settle on any contract of sale.

The parties eventually entered into a written agreement (Rental Agreement) dated July 7, 2011, under which the Parkinsons would rent the subject property for a year.  The "Special Terms" section of the Rental Agreement reads:

---

[2]  The points of error set forth in the Parkinsons' opening brief fail to comply with Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 28(b)(4), which alone raises the potential to waive issues on appeal.  Nonetheless, this court observes a policy of affording *pro se* litigants the opportunity "to have their cases heard on the merits, where possible."  O'Connor v. Diocese of Honolulu, 77 Hawaiʻi 383, 386, 885 P.2d 361, 364 (1994).

[3]  HRS § 604-5(d) provides, in relevant part, that "[t]he district courts shall not have cognizance of real actions, nor actions in which the title to real estate comes in question[.]"

> A DOWN PAYMENT - NON-REFUNDABLE - OF $2600 IS MADE A PART OF THIS AGREEMENT, AND SHALL ALLOW TENANT FIRST RIGHT OF REFUSAL TO PURCHASE SAID PROPERTY. TENANT'S OPTION TO BUY EXPIRES WITHIN ONE YEAR OF THIS SIGNED CONTRACT.
>
> TENANT ACKNOWLEDGES THAT OWNER IS IN MORTGAGE PAYMENT ARREARS AND IS SUBJECT TO FORECLOSURE OF PROPERTY.

On the last page of the Rental Agreement, a handwritten note initialed by the parties indicates that the Parkinsons paid the $2,600 as consideration for the "PURCHASE OPTION." The parties fundamentally disagree as to what rights this provision gave the Parkinsons. The Parkinsons argue that they had an "option to purchase" whereas Mosier claims that this was merely a "right of first refusal."

It appears that beginning in mid-December 2011, Mosier advised the Parkinsons that she would be showing the property to potential buyers. Because the Parkinsons believed that this violated their purported contract rights, they refused Mosier access to the property, changed the locks, and would not give her a copy of the keys. The Parkinsons failed to pay rent in February 2012. Mosier brought the summary possession action in March 2012 to recover possession of the premises and the unpaid rent. The Parkinsons filed a motion to dismiss, alleging that they had an "option to purchase" the property, which put title in issue.

In order to raise an issue of title, the Parkinsons were required to comply with the District Court Rules of Civil Procedure (DCRCP) Rule 12.1, which provides:

> Rule 12.1. Defense of title in district courts.
>
> Pleadings. Whenever, in the district court, in defense of an action in the nature of an action of trespass or for the summary possession of land, or any other action, the defendant shall seek to interpose a defense to the jurisdiction to the effect that the action is a real action, or one in which the title to real estate is involved, such defense shall be asserted by a written answer or written motion, which shall not be received by the court unless accompanied by an affidavit of the defendant, setting forth the source, nature and extent of the title claimed by defendant to the land in question, and such further particulars as shall fully apprise the court of the nature of defendant's claim.

(Emphasis added.) Attached to the Parkinsons' motion to dismiss was a joint affidavit in which the Parkinsons alleged that they

had an oral agreement with Mosier to purchase the property, under which the cost of repairs would be applied towards the purchase price, and that Mosier threatened to sell the property once she realized how much repair work would be required. The affidavit also claimed that the Parkinsons became concerned about Mosier's ability to complete the property sale once they learned that there were two mortgages and a tax lien against the property.

The Parkinsons' affidavit and supporting materials did not set forth "the source, nature, and extent of title claimed" sufficient to "fully apprise the court of the nature of defendant's claim." The Parkinsons did not offer any evidence, such as a signed written instrument containing a purchase option, and there is nothing in the Rental Agreement that brings title into question. Although the Parkinsons attached a draft proposal for sale, which indicates that the parties intended to negotiate the purchase of the property at one point, it contains markedly different terms than what the parties ultimately agreed to, including a six-month period during which to exercise the option, and a $6,000 non-refundable deposit as consideration for the option. Further, despite the Parkinsons' attempt to deny the existence of a landlord-tenant relationship, the Rental Agreement consistently refers to the parties as "LANDLORD" and "TENANT." Section 5 of the Rental Agreement provides that the Parkinsons' occupancy was fixed, commencing on July 7, 2011 and ending on July 7, 2012 with automatic conversion to a month-to-month tenancy thereafter. Section 6 requires payment of monthly rent of $3,850 to Mosier and Section 16.D advises both landlord and tenant to review HRS Chapter 521, the Residential Landlord-Tenant Code. Pursuant to Section 16.P, Mosier had the right to enter the property upon two days notice to, among other things, show the property to prospective buyers, renters, or lenders.

Based on the record, the Parkinsons had a right of first refusal, which does not appear to create a colorable claim

to title under Hawai'i law.[4]  A right of first refusal is defined as a "potential buyer's contractual right to meet the terms of a third party's higher offer."  Kutkowski v. Princeville Prince Golf Course, LLC, 129 Hawai'i 350, 352 n.2, 300 P.3d 1009, 1011 n.2 (2013) (quoting Black's Law Dictionary 1439 (9th ed. 2009)).  See Kaiser Dev. Co. v. City & Cnty. of Honolulu, 649 F. Supp. 926, 937 (D. Haw. 1986) (looking to other jurisdictions that have recognized that a "preemptive right of first refusal creates no interest in property and gives far less than does an options contract").

In this case, any right of first refusal failed to ripen because there was never any assertion by the Parkinsons or any indication in the record of any offer from any third party to purchase the property after the Parkinsons took possession of the property.  The essence of a right of first refusal is the

---

[4]  Conversely, an option to purchase is:

> a contract whereby the owner of the property, for valuable consideration, sells the optionee the right to buy a specified property, for a specified price, within a specified time, and on the terms in the option.  The option holder thus may perform or not perform the conditions at his option, has the power to force conveyance of the land, has immunity from revocation or repudiation by the optionor, and may enforce these rights in court.  If options contracts do not actually provide the holder with an interest in the land, they do provide considerable value on which the holder can rely.

Kaiser Dev. Co. v. City & Cnty. of Honolulu, 649 F. Supp. 926, 936 (D. Haw. 1986) (emphasis added); Arthur v. Sorensen, 80 Hawai'i 159, 165 n.14, 907 P.2d 745, 751 n.14 (1995) (defining an option contract in part as a "right, which acts as a continuing offer, given for consideration, to purchase or lease property at an agreed price and terms, within a specified time") (quoting Black's Law Dictionary 1094 (6th ed. 1990) (emphasis added)).

The facts of this case demonstrate that the Special Terms section did not give the Parkinsons an option to purchase because a critical term -- the purchase price -- was missing.  By the Parkinsons' own admissions, there was never any agreement on the price or other terms of sale.  The parties disagree as to why they never settled on a purchase price -- Mosier contends that the Parkinsons did not have enough capital to complete the purchase whereas the Parkinsons claim that they had to wait until Mosier finished up a refinancing deal with her bank.  Regardless of any prior negotiations, there was never any agreed-upon purchase price.

Although the Rental Agreement did include a specified time, no other contract terms explain how the Parkinsons would be able to exercise such a purchase option or force the sale of the property.

possibility of matching a third party's acceptable offer.  There was no third party offer in this case.

## II.   **The District Court Did Not Violate the Parkinsons' Due Process Rights**

In their second point of error, the Parkinsons argue that the district court deprived them of their due process rights by (1) issuing the Writ of Possession; (2) imposing a rent trust fund without a written motion and hearing; (3) refusing to file their counterclaims before the trial and refusing to hear counterclaims during trial; (4) denying them the assistance of their attorney during trial; and (5) issuing garnishee summonses to deduct damages from their paychecks.

Analysis of these issues implicate several of the district court's findings of fact and conclusions of law.  However, we note that the Parkinsons do not actually challenge the district court's findings of fact and we are therefore bound by the findings.[5] Okada Trucking Co. v. Bd. of Water Supply, 97 Hawai'i 450, 458, 40 P.3d 73, 81 (2002); HRAP Rule 28(b)(4)(C).

The Parkinsons have failed to explain how their due process rights were violated.  Based on our review of the record in light of the relevant case law, we conclude that no violations occurred.  "The basic elements of procedural due process of law require notice and an opportunity to be heard at a meaningful time and in a meaningful manner before governmental deprivation of a significant property interest." KNG Corp. v. Kim, 107 Hawai'i 73, 80, 110 P.3d 397, 404 (2005) (citation and quotation marks omitted).  The first question is whether the particular interest sought to be protected by a hearing is "property" within the meaning of the due process clauses; if so, the second step involves ascertaining the specific procedures required to protect the interest.  Id.  Only two of the Parkinsons' alleged interests constitute property within the meaning of the due process

---

[5] The Parkinsons' arguments implicitly challenge the district court's finding that they only had a right of first refusal, but even if they raised a proper challenge to this finding, it was not clearly erroneous.  That is, the evidence supports the finding that the Parkinsons had a right of first refusal, not an option to purchase.

clauses: (1) possession of the leased property; and (2) money that went into the rent trust fund.[6]  See id. (concluding that possession of leased premises and rent paid into a trust fund constitute property interests).

A.  **Possession of the Leased Property**

The Parkinsons claim that the district court's issuance of the Writ of Possession constituted some sort of trespass or illegal seizure of property that violated their due process rights.  However, the Parkinsons do not challenge any specific findings of fact or conclusions of law, and do not explain how their due process rights were violated.

In any event, it is clear that in resolving the possession issue, there were multiple hearings and a two-day trial, and that therefore the Parkinsons' due process rights were not violated.  The district court properly found that the Parkinsons violated several provisions of the Rental Agreement, including the requirements to pay rent, provide access to the landlord, and give the landlord timely notice of defects that are not the tenant's duty to fix.

---

[6]  With regard to the Parkinsons' other contentions, they have not demonstrated that the district court erred in denying their attempts to file counterclaims because their requests to file counterclaims were submitted ex parte, did not describe the nature of the alleged counterclaims, and were untimely.

As to the Parkinsons' claims regarding counsel, review of the record indicates that the district court allowed the Parkinsons sufficient time to retain counsel between the filing of the complaint on March 6, 2012, and the start of trial on April 26, 2012.  At the Parkinsons' request, the hearing on their motion to dismiss was continued, in part so that they could retain counsel.  Moreover, trial was not scheduled until the motion to dismiss was denied.  On the first day of trial, April 26, 2012, counsel appeared briefly on behalf of the Parkinsons to request a further continuance, which was denied.  On the second day of trial, held on May 3, 2012, counsel for the Parkinsons fully participated on their behalf.  The district court did not abuse its discretion in denying a further continuance of the trial.

The Parkinsons' claim regarding the garnishee summonses is not properly before this court.  The garnishee summonses were issued *after* the Parkinsons filed their notice of appeal and thus are not part of this appeal.

7

## B.  Rent Trust Fund

The Parkinsons assert that the district court's establishment of a rent trust fund under HRS § 666-21 (1993)[7] by Mosier's oral request violated their rights to due process because there was no separate written motion or hearing.

These issues were discussed by the Hawai'i Supreme Court in KNG Corp., where the defendant appealed the district court's establishment of a rent trust fund as violative of his federal and state due process rights.  107 Hawai'i at 75-76, 110 P.3d at 399-400.  The defendant similarly argued that the plaintiff's oral request to establish a rent trust fund should have been made by written motion.  Id. at 75, 110 P.3d at 399. The court concluded that the "[d]efendant was given notice with respect to possession of the property[]" and had the opportunity to oppose the oral motion at the return hearing.  Id. at 80, 110 P.3d at 404.

Thus, the notice in this case was sufficient.  As to whether the Parkinsons had a meaningful hearing, review of the return hearing transcript reveals that the Parkinsons appeared to be amenable to establishment of the rent trust fund.  The Parkinsons asked the district court to push back the hearing date on their motion to dismiss so they could seek legal counsel. Mosier asked for the imposition of a rent trust fund in the event the hearing was postponed because she was being deprived of rent. The district court then discussed the details of the rent trust fund with the Parkinsons at length.

---

[7]  HRS § 666-21(a) provides in relevant part:

> §666-21 Rent trust fund.  (a) At the request of either the tenant or the landlord in any court proceeding in which the payment or nonpayment of rent is in dispute, the court shall order the tenant to deposit any disputed rent as it becomes due into the court as provided under subsection (c) . . . provided that the tenant shall not be required to deposit any rent where the tenant can show to the court's satisfaction that the rent has already been paid to the landlord; provided further that if the parties had executed a written instrument agreeing that the rent could be withheld or deducted, the court shall not require the tenant to deposit rent into the fund.

(Emphasis added.)

Moreover, the Parkinsons' written objection to establishment of the rent trust fund, filed on March 20, 2012, was unsupported by any factual evidence or legal authority. Given that the Parkinsons did not pay rent, requested a continuance, and had ample opportunity to present legal argument, the district court did not violate their due process rights in establishing the rent trust fund.

## III. Possession

The Parkinsons contend that they have the right to possession of the subject property under the terms of their agreement with Mosier. They insist that they have substantially performed the agreement by occupying the property, making repairs and improvements to the property, and tendering what they call "equity payments" (rent) over nine months.

As discussed above, the Parkinsons only had a right of first refusal that never ripened because there was never a third party offer in this case. Thus, this point of error lacks merit.

## IV. Conclusion

For the reasons set forth above, the Judgment for Possession and Writ of Possession, both filed on June 12, 2012, and the June 18, 2012 "Findings of Fact, Conclusions of Law and Order Granting Entry of Judgment for Possession and Issuance of Writ of Possession Effective June 1, 2012" entered in the District Court of the First Circuit, Honolulu Division are affirmed.

DATED: Honolulu, Hawai'i, April 22, 2015.

On the briefs:

Keith and Sherri Parkinson
Defendants-Appellants pro se

Yuriko J. Sugimura
(Bendet Fidell
 Attorneys at Law
 A Law Corporation)
for Plaintiff-Appellee

*Craig H. Nakamura*

Chief Judge

*Associate Judge*

*Associate Judge*